### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **RICHARD HICKMAN,** ) | |
| ) | |
| **Plaintiff,** ) | **CIVIL ACTION** |
| ) | |
| **v.** ) | **No.  05-2471-CM** |
| ) | |
| **JO ANNE BARNHART, COMMISSIONER** ) | |
| **OF SOCIAL SECURITY,** ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM AND ORDER

The present dispute involves a request for review of defendant's denial of benefits.  Pending before the court is Defendant's Motion to Reverse and Remand and for Entry of Final Judgment (Doc. 8).

Pursuant to 42 U.S.C. § 405(g), "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing."  Defendant requests that the court reverse and remand this case to defendant for reevaluation.  Plaintiff states that a remand for further evaluation is unnecessary, and asks the court to reverse the case with directions to make an immediate award of benefits.

When reversing the Commissioner's decision, the court may either remand a case for further proceedings or direct an immediate award of benefits.  *Talbot v. Heckler*, 814 F.2d 1456, 1465 n.6 (10th Cir. 1987).  The decision is committed to the sound discretion of the court.  *See Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993) ("When a decision of the Secretary is reversed on appeal, it is within this court's discretion to remand either for further administrative proceedings or

for an immediate award of benefits."). A remand for further proceedings is generally required unless it would serve no purpose. *Dollar v. Bowen*, 821 F.2d 530, 534 (10th Cir. 1987) (citation omitted). Moreover, courts have generally declined to enter an immediate award of benefits where the ALJ made minimal findings not supported by adequate evaluation of the evidence. *See, e.g., Higgins v. Barnhart*, 294 F. Supp. 2d 1206, 1215 (D. Kan. 2003).

The court has reviewed the record in this case and finds that a remand would be beneficial. It appears to the court that additional development of the record would better allow the ALJ to evaluate plaintiff's condition. Specifically, evaluation by a third opthalmologist, per the suggestion of Dr. Arthur Geltzer, would better allow the ALJ to determine the progressive nature of plaintiff's condition. And the ALJ did not explain why he discounted plaintiff's treating physician's opinion that plaintiff was disabled. The ALJ cannot disregard a treating physician's opinion that a claimant is disabled without giving legitimate and specific reasons. *Goatcher v. United States Dep't of Health & Human Servs.*, 52 F.3d 288, 290 (10th Cir. 1995) (citation omitted). The ultimate responsibility for determining whether a claimant is disabled, however, is reserved for the ALJ – not the treating physician. *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994) (citations omitted). Accordingly, this case should be reversed and remanded for further consideration. The court's order shall be considered a final judgment. *See, e.g., Shalala v. Schaeffer*, 509 U.S. 292, 297-98 (1993).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reverse and Remand and for Entry of Final Judgment (Doc. 8) is granted.  The above-entitled case is reversed and remanded for further agency review pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 10th day of April 2006, at Kansas City, Kansas.


<u>**s/ Carlos Murguia**</u>
**CARLOS MURGUIA**
**United States District Judge**